# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA LABORERS EMPLOYERS RETIREMENT TRUST, *et al.* | |
| Plaintiffs, | |
| v. | |
| OLHAUSEN CONSTRUCTION AND MANAGEMENT, LLC, | Case No. 3:20-cv-00087-SLG |
| Defendant. | |

## NOTICE OF INTENT TO DISMISS

Before the Court at Docket 1 is Plaintiffs' Application for Entry of Judgment on Confession, to which is attached an affidavit in support.[1] Also attached are a Confession of Judgment Without Action and a Settlement Agreement and Agreement not to Execute, each signed by Defendant and dated December 6, 2019.[2] No filing fee was paid to initiate this action. Plaintiffs ask the Court to enter judgment against Defendant without filing a complaint, paying the filing fee, and obtaining a summons and filing proof of service thereof, or filing a waiver of service.

A confession of judgment is "an ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney

---

[1] Docket 1-1.

[2] Docket 1-2 (Confession of Judgment); 1-3 (Settlement Agreement).

designated by the holder."[3]  In effect, a confession of judgment constitutes a waiver of the debtor's constitutional right to procedural due process, which includes the right "to notice and hearing prior to a civil judgment."[4]  The Supreme Court has held that a such a device is not facially invalid and may be enforced so long as there is "'clear and convincing evidence' that the written waiver [of the right to procedural due process] was 'voluntary, knowing, and intelligently made.'"[5]  This is a factual inquiry.[6]

However, while several states, including Alaska, provide for the entry of judgments on confession,[7] "[t]he Federal Rules of Civil Procedure . . . make no reference to such a device."[8]  Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court."  The advisory committee notes explain that "[t]his rule governs the commencement of *all* actions."[9]  Plaintiffs in this case did not file a complaint to initiate this action,

---

[3] *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 176 (1976).

[4] *Id.* at 1185, 187–88 (characterizing confession of judgment entered under Ohio law to be a waiver of 14th Amendment due process).

[5] *Fed. Deposit Ins. Corp. v. Aaronian*, 93 F.3d 636, 640 (9th Cir. 1996) (quoting *Overmyer*, 405 U.S. at 185–86).

[6] *Id.* (citing *Overmyer*, 405 U.S. at 188).

[7] *See, e.g.*, AS 09.30.050; Alaska R. Civ. P. 57(b)–(c).

[8] *Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC*, No. C 09-80316 WHA, 2010 WL 335651, at *1 (N.D. Cal. Jan. 22, 2010).

[9] Fed. R. Civ. P. 3 advisory committee's note to 1937 adoption (emphasis added).

Case No. 3:20-cv-00087-SLG,  *Alaska Laborers Emp'rs Ret. Tr., et al. v. Olhausen Constr. & Mgmt. Co.*
Notice of Intent to Dismiss
Page 2 of 4

Case 3:20-cv-00087-SLG   Document 2   Filed 05/07/20   Page 2 of 4

consistent with the Federal Rules, but rather filed the instant Application for Entry of Judgment on Confession. Faced with a nearly identical situation, the district court for the Northern District of California concluded:

> The proper procedure in this case would have been for plaintiff to file a complaint to enforce the settlement agreement. Then plaintiff should have served the complaint with a summons on defendants. If they were to appear, they would have to explain why the settlement agreement should not be enforced.[10]

The Court has found no case in which a federal court has entered a judgment on confession that was not preceded by the filing of a complaint.[11] And the Court will not enter a judgment without service of process of the complaint on the defendant or a valid waiver of process that comports with the Supreme Court's holding in

---

[10] *Boosalis Options, LP*, 2010 WL 33561, at *2; *accord J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) ("The Federal Rules of Civil Procedure do not refer to this device and courts have found that confession judgments are not authorized in Federal courts to circumvent the filing of a complaint, summons, and service."); *Fed. Deposit Insur. Corp. v. Yarrington*, No. 13-cv-89-S, 2013 WL 11866198, at *1 (D. Wyo. June 6, 2013) ("Federal law does not provide for judgment by confession, and therefore Federal courts have not authorized confession judgments to circumvent the filing of a complaint, summons, and service.").

[11] *See J.D. Holdings, LLC*, 766 F. Supp. 2d at 113–14 (entering judgment on confession where "plaintiff filed a complaint and has tried to over a year to no avail to obtain judgment from the defendants); *Alland v. Consumers Credit Corp.*, 54 F.R.D. 252, 255 (S.D.N.Y. 1971), *rev'd on other grounds* 476 F.2d 951 (2d Cir. 1973) (entering judgment by confession in action initiated by complaint after finding waiver of due process rights was "the result of arms-length bargaining between the parties"); *Yarrington*, 2013 WL 11866198, at *1–3 (exercising federal question jurisdiction to enter confession judgment pursuant to settlement agreement where action was initiated with complaint); *cf. Retail Clerks Union Joint Pension Tr. v. Freedom Food Ctr., Inc.*, 938 F.2d 136, 137, 139 (9th Cir. 1991) (affirming denial of Rule 60(b) motion to vacate entry of stipulated judgment); *cf. Genesis Fluid Sols., Ltd. v. Eagle N. Am., Inc.*, No. 10-MC-80231-JF, 2011 WL 1193571, at *1–2 (N.D. Cal. March 29, 2011) (granting Rule 60(b) motion for relief from judgment entered by confession and noting that "[u]nder the Federal Rules, a party seeking to enforce a judgment by confession must file a complaint under [FRCP] 3, and serve a summons under [FRCP 4]").

Case No. 3:20-cv-00087-SLG, *Alaska Laborers Emp'rs Ret. Tr., et al. v. Olhausen Constr. & Mgmt. Co.*
Notice of Intent to Dismiss
Page 3 of 4
Case 3:20-cv-00087-SLG   Document 2   Filed 05/07/20   Page 3 of 4

*Overmyer.* Nor will the Court allow a plaintiff to initiate an action without payment of the appropriate filing fee or filing an application to waive that fee pursuant to 28 U.S.C. § 1915.

In light of the foregoing, the Court gives Plaintiffs notice of its intent to dismiss this action without prejudice unless **within 21 days from the date of this order**, Plaintiffs file a response to this notice that demonstrates that the Court should act on their Application for Entry of Judgment on Confession as filed.[12] If Plaintiffs do not respond **within 21 days**, the Court will dismiss this action thereafter without further notice.

DATED this 7th day of May, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[12] Due to the coronavirus pandemic, by Miscellaneous General Order 20-11, the District of Alaska imposed a stay on all civil matters for 30 days, effective March 30, 2020. The District of Alaska recently extended that stay until June 1, 2020. *See* Miscellaneous General Order 20-13. The undersigned judge, presiding in this matter, hereby lifts the stay in this case. *See* Miscellaneous General Order 20-13 at 5–6.

Case No. 3:20-cv-00087-SLG, *Alaska Laborers Emp'rs Ret. Tr., et al. v. Olhausen Constr. & Mgmt. Co.*
Notice of Intent to Dismiss
Page 4 of 4
Case 3:20-cv-00087-SLG Document 2 Filed 05/07/20 Page 4 of 4