# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA LABORERS EMPLOYERS RETIREMENT TRUST, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OLHAUSEN CONSTRUCTION AND MANAGEMENT, LLC, <br><br> Defendant. | Case No. 3:20-cv-00087-SLG |

## ORDER DIRECTING SERVICE

Before the Court at Docket 1 is Plaintiffs' Application for Entry of Judgment on Confession. On May 5, 2020, the Court informed Plaintiffs of its intent to dismiss this action for failure to comply with the Federal Rules of Civil Procedure, which do not specifically address the entry of judgments on confession.[1] Plaintiffs responded to the Court's May 5 order at Docket 3, maintaining that entry of judgments on confession is proper under the Federal Rules and that their Application was consistent with the District of Alaska's prior practice regarding this type of action.[2] The Court appreciates Plaintiffs' thoughtful and helpful response. The Court no longer intends to dismiss this action; however, after reviewing the

---

[1] Docket 2.

[2] Plaintiffs also informed the Court that they had paid the appropriate filing fee by check, contrary to the Court's understanding in its May 5, 2020 order, and attached a scanned copy of the check to their response. Docket 3 at 1; Docket 3-2.

cases cited in Plaintiffs' response, the Court remains convinced that service of process (or an explicit written waiver by Defendant) is necessary before it may act on Plaintiffs' application for entry of judgment on confession.

The Supreme Court has held that a judgment on confession is not facially invalid and may be enforced where there is "'clear and convincing evidence' that the written waiver [of the right to procedural due process] was 'voluntary, knowing, and intelligently made.'"[3] The document at issue in *D.H. Overmyer Co., Inc. v. Frick Co.* stated that "[t]he undersigned hereby authorize any attorney designated by the Holder hereof to appear in any court of record in the State of Ohio, and *waive this issuance and service of process*, and confess a judgment against the undersigned . . . ."[4] But the confession of judgment in this case contains no provision explicitly waiving service of process.[5] The Court disagrees with Plaintiffs' assertion that an executed confession of judgment that does not contain an express waiver of service nonetheless constitutes a waiver of a defendant's right to constitutional due process.[6]

---

[3] *Fed. Deposit Ins. Corp. v. Aaronian*, 93 F.3d 636, 640 (9th Cir. 1996) (quoting *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 185–86 (1976)).

[4] *Overmyer*, 405 U.S. at 180–81 (emphasis added).

[5] *Compare* Dockets 1-2, 1-3, *with Overmyer*, 405 U.S. at 180–81.

[6] *See* Docket 3 at 3.

Case No. 3:20-cv-00087-SLG, *Alaska Laborers Emp'rs Ret. Tr., et al. v. Olhausen Constr. & Mgmt. Co.*
Order Directing Service
Page 2 of 4
Case 3:20-cv-00087-SLG   Document 4   Filed 06/02/20   Page 2 of 4

In its response to the Court's May 5 order, Plaintiffs provided what they indicated was a "partial list" of applications for judgment by confession filed in the District of Alaska. In each of the nine cases, Plaintiffs assert that "the Plaintiffs were not required to file a complaint to initiate the proceeding."[7] That is correct. However, in the majority of these cases, a summons was issued and service was made on the defendants.[8] And in each of the cases in which the undersigned presided, judgment on confession was not entered until the defendants had been served with the application, had failed to make an appearance, and the Clerk of Court had entered their default.[9]

In light of the foregoing, and consistent with the Court's prior practice, the Court will accept the Application to initiate this case in lieu of a complaint. Plaintiffs shall seek the issuance of a summons and file proof of service with the Court pursuant to Federal Rule of Civil Procedure 4.[10] Thereafter, if Defendant does not

---

[7] Docket 3 at 3.

[8] *See* Dockets for *Trs. of the Alaska Laborers Constr. Indus. Health & Sec., Training & Legal Servs. Tr. Funds v. Magic Brite Janitorial, Inc.*, No. 3:13-cv-00163-TMB; *Alaska Laborers-Emp'rs Ret. Fund v. HCC, LLC*, No. 3:13-cv-00014-HRH; *Alaska Trowel Trades Pension Fund v. HCC, LLC*, No. 3:13-cv-00015-SLG; *Trs. of Alaska Ironworkers Pension Tr. v. Nw. Steel Works, LLC*, No. 3:12-cv-00117-JWS; *Trs. of Local 262 of the Plumbers and Pipefitters Union v. Harbor Plumbing & Heating Co., Inc.*, No. 3:12-cv-00046-SLG. In one of these cases, the Court ordered plaintiffs to file proof of service. *See* No. 3:12-cv-00046 at Dockets 6, 7, 8.

[9] *See* Dockets for Nos. 3:13-cv-00015-SLG, 3:12-cv-00046-SLG; *see also* Docket for No. 3:13-cv-00014-HRH (judgment on confession entered upon defendant's default); *cf.* Dockets for Nos. 3:13-cv-00163-TMB, 3:12-cv-117-JWS (judgment on confession entered after defendants failed to appear but without formal entry of default).

[10] Plaintiffs note that "the Application for Entry of Judgment on Confession was served on Defendant . . . by mail," but it appears from the docket that no summons has been issued. Docket

Case No. 3:20-cv-00087-SLG, *Alaska Laborers Emp'rs Ret. Tr., et al. v. Olhausen Constr. & Mgmt. Co.*
Order Directing Service
Page 3 of 4

Case 3:20-cv-00087-SLG   Document 4   Filed 06/02/20   Page 3 of 4

appear, Plaintiffs may move for entry of default and the entry of judgment on confession.

DATED this 2nd day of June, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

3 at 3 n.1.  Alternatively, Plaintiffs may file a written waiver of Rule 4 service of a summons and the application by Defendant.

Case No. 3:20-cv-00087-SLG,  *Alaska Laborers Emp'rs Ret. Tr., et al. v. Olhausen Constr. & Mgmt. Co.*
Order Directing Service
Page 4 of 4
Case 3:20-cv-00087-SLG   Document 4   Filed 06/02/20   Page 4 of 4